**INDIANA CIVIL RIGHTS COMMISSION, and Donna Marie Witte, Appellants (Respondents Below),**

v.

**AMERICAN COMMERCIAL BARGE LINE COMPANY, Appellee (Petitioner Below).**

No. 10A01–8708–CV–200.

Court of Appeals of Indiana, First District.

May 17, 1988.

Rehearing Denied July 5, 1988.

Roy D. Rogers, Indianapolis, for appellants.

Robert W. Kilroy, Jeffersonville, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Indiana Civil Rights Commission and Donna Marie Witte appeal a Clark Superior Court decision reversing the commission's determination that Witte was a victim of handicap discrimination. We affirm the trial court's decision.

## FACTS

American Commercial Barge Line Company (American) is engaged in the business of operating towboats and barges on United States inland waterways. It ships large quantities of coal, grain, steel and liquids. Its headquarters and offices are in Jeffersonville, Indiana. All of American's vessel employees work aboard either barges or towboats in navigable United States waters and have the status of seamen under federal maritime law. They must be capable of

performing emergency duties and therefore must meet minimum physical standards. These standards include certain vision acuity requirements.

Witte has been blind in her right eye since birth. In November of 1982, she sought employment as a cook aboard one of American's vessels. She was denied employment on the basis of her monocular vision.

Thereafter, Witte filed an action with the Indiana Civil Rights Commission claiming she was the victim of handicap discrimination. A hearing officer awarded her $45,-986.64 in lost wages, an immediate job or the next available job with pay in the interim, and retroactive seniority. He also ordered American to refrain from denying employment to prospective employees with monocular vision. The commission affirmed the hearing officer in all respects.

On May 29, 1986, American filed a verified petition for judicial review. The Clark Superior Court reversed the commission's decision, concluding in essence as follows: 1) that the doctrine of federal preemption applies in this case; 2) that the commission acted in excess of its statutory jurisdiction; 3) federal law required American to provide a seaworthy crew and vessel; 4) that for American, seaworthiness defines business necessity and safety; and 5) that Witte failed to meet her burden of demonstrating that the "business necessity" justification used by American in denying her employment was mere pretext. Following the court's reversal, Witte immediately filed this appeal.

## ISSUES

Witte raises several issues, which we have restated as follows:

(1) Did the trial court err in concluding that the commission acted in excess of its jurisdiction?

(2) Did the trial court err in concluding that federal maritime and admiralty law preempts the application of Indiana civil rights laws to an employer who employs

persons on navigable United States waterways?

(3) Did the trial court erroneously apply the burden of proof as espoused by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668?

(4) Did the trial court erroneously conclude that business necessity justifies American's minimum vision requirement?

(5) Does Witte's visual handicap disqualify her from performing safely and efficiently the job of barge cook? [1]

## DISCUSSION AND DECISION

### ISSUE ONE:

Witte first contends the trial court erroneously concluded that this case was beyond the jurisdiction of the Indiana Civil Rights Commission. Congress has conferred on the federal district courts original jurisdiction of any civil case of admiralty or maritime jurisdiction. 28 U.S.C. § 1333(1). *See also, Southern Pacific Co. v. Jensen* (1917), 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086. The operation of a vessel on navigable waters is a traditional maritime activity to which the admiralty jurisdiction of the federal courts extends. *St. Hilaire Moye v. Henderson* (1974), 8th Cir., 496 F.2d 973, 979. It is undisputed that American is in the business of operating vessels on navigable U.S. waterways. None of American's vessel employees work aboard vessels located in the State of Indiana. Witte sought and was denied employment aboard one of American's vessels. Thus, her claim against American for handicap discrimination clearly falls within the federal court's exclusive admiralty jurisdiction. The civil rights commission, therefore, acted in excess of its jurisdiction. IND.CODE 4-22-1-18(3).

### ISSUE TWO:

Witte next contends the trial court erroneously applied the doctrine of federal pre-

1. Because our holding on issues one and two is dispositive, we need not address the remaining issues.

emption. The Supremacy Clause of Article VI of the United States Constitution empowers Congress to preempt state law. Preemption occurs when a conflict exists between federal and state law. *Louisiana Public Service Comm'n v. F.C.C.* (1986), 476 U.S. 355, 106 S.Ct. 1890, 1898, 90 L.Ed. 2d 369 (*citing Free v. Bland* (1962), 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180). A conflict may arise when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Comm'n* (1983), 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752 (*quoting Hines v. Davidowitz* (1941), 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581).

■ Admiralty suits are governed by federal substantive and procedural law. *St. Hilaire Moye*, 496 F.2d at 980. State law is not permitted to defeat or narrow any substantial admiralty rights of recovery or to contravene the uniformity of maritime matters. *Knickerbocker Ice Co. v. Stewart* (1920), 253 U.S. 149, 158, 40 S.Ct. 438, 439, 64 L.Ed. 834; *St. Hilaire Moye*, 496 F.2d at 980.

The Constitution itself adopted and established, as part of the laws of the United States, approved rules of the general maritime law and empowered Congress to legislate in respect of them and other matters within the admiralty and maritime jurisdiction. Moreover, it took from the states all power, by legislation or judicial decision, to contravene the essential purposes of, or to work material injury to, characteristic features of such law or to interfere with its proper harmony and uniformity in its international and interstate relations. To preserve adequate harmony and appropriate uniform rules relating to maritime matters and bring them within control of the federal government was the fundamental purpose; and to such definite end Congress was empowered to legislate within that sphere.

Since the beginning federal courts have recognized and applied the rules and principles of maritime law as something distinct from laws of the several states— not derived from or dependent on their will.... Obviously, if every state may freely declare the rights and liabilities incident to maritime employment, there will at once arise the confusion and uncertainty which framers of the Constitution both foresaw and undertook to prevent.

*Knickerbocker Ice*, 253 U.S. at 160, 166, 40 S.Ct. at 440, 442.

■ Under federal maritime and admiralty law, a ship owner warrants the "seaworthiness" of his vessel. *Boudoin v. Lykes Brothers Steamship Co.* (1955), 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354. This means that the vessel is reasonably fit to carry its cargo. *Boudoin*, 348 U.S. at 338, 339, 75 S.Ct. at 384, 385. *See also, Waldron v. Moore–McCormack Lines, Inc.* (1967), 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed. 2d 482.

■ As an employee aboard one of American's vessels, Witte would have been deemed a "seaman." 46 U.S.C. § 713. The warranty of seaworthiness, as applied to a seaman, does not mean that the seaman must be competent to meet all contingencies. Rather, the seaman must be "equal in disposition and seamanship" to ordinary persons in the calling. *Boudoin*, 348 U.S. at 337, 75 S.Ct. at 384 (*quoting Keen v. Overseas Tankship Corp.* (1952), 2nd Cir., 194 F.2d 515, 518).

■ Under the judicially fashioned doctrine of seaworthiness, American, as a maritime employer, is obligated to furnish a seaworthy vessel and crew. Federal admiralty law therefore requires American to determine Witte's "seaworthiness" as part of its evaluation of her candidacy as a prospective employee.

■ Indiana civil rights law provides that it is a "discriminatory practice" to deny employment to persons solely on the basis of their handicap. IND.CODE 22–9–·1–2.

[However,] the prohibition against discrimination in employment because of handicap does not apply to failure of an

employer to employ or to retain as an employee any person who because of a handicap is physically or otherwise unable to efficiently and safely perform, at the standards set by the employer, the duties required in that job.

IND.CODE 22–9–1–13(a). American's minimum vision standards were based on recommendations made by the associations which regulate the maritime industry. These recommendations were based on expertise in the area of seaworthiness and were designed to promote uniformity within the industry.

The commission failed to apply or even consider the seaworthiness doctrine in evaluating Witte's claim. Instead, it decided her claim based solely on Indiana law. Although Indiana's "safety and efficiency" condition found at IC 22–9–1–13(a) does not conflict directly with the federal seaworthiness doctrine, we conclude that in this case resort to the seaworthiness doctrine was necessary to preserve uniformity within the industry. *See, Knickerbocker Ice, supra.* Thus, the trial court properly determined that the commission erred by failing to consider and apply federal admiralty law. Accordingly, the decision of the trial court is affirmed.

Affirmed.

NEAL and BUCHANAN, JJ., concur.